IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | |
|---|---|
| DEVI TRIVEDI, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 3:08CV3-HEH |
| KETAN PATHAK, SHARADKUMAR SARAIYA, and GUNVANTAL PATEL, | ) |
| Defendants. | ) |

<u>**MEMORANDUM OPINION**</u>
**(Granting Defendants' Motion to Dismiss)**

THIS MATTER is before the Court on Defendants' Motion to Dismiss, for More Definite Statement, or to Abstain, filed on January 21, 2008. The parties have filed memoranda of law in support of their respective positions. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and argument would not aid in the decisional process. For the reasons stated herein, the Court will grant Defendants' Motion to Dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

**I. Background**

Plaintiff is a citizen of Massachusetts and a member of Trivedi, LLC ("the LLC" or "the Company"), a Virginia limited liability company. The LLC "is a single purpose, single asset entity that owns and operates a profitable Fairfield Inn (Marriott) Hotel in Chester, Virginia." (Compl. ¶ 6.) Plaintiff alleges that Defendants have conspired

together "to bankrupt [Plaintiff] and acquire her valuable two percent (2%) ownership of the Company."[1] (Compl. ¶ 17.) Plaintiff specifically alleges that, through fraudulent and illegal conduct, Defendants have taken over the management of the LLC. Plaintiff further asserts that Defendants have falsely reported Plaintiff's income from the LLC to the IRS, causing her to incur tax liabilities, yet have not made any distributions of profits to her.

Plaintiff claims that Defendants' actions constitute civil conspiracy, conversion of her membership interest, tortious interference with business expectancies, breach of fiduciary duty, and breach of contract, and seeks compensatory, statutory and punitive damages of $1,000,000. This Motion to Dismiss pursuant to Rule 12(b)(1) followed.

## II. Standard of Review

The plaintiff has the burden of proving that subject matter jurisdiction exists. *See Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Id.* The court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.*

---

[1] The Court notes that Plaintiff is by far the minority member of the LLC, having made no initial capital contribution and having less than half the membership interest of any other member. The other members' ownership interests range from 5% to 57%. (Operating Agreement, Compl. Exh. A, at 4.)

2

## III. Analysis

Plaintiff alleges that the Court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332, as she is a citizen of Massachusetts and the three named defendants are all citizens of Virginia. However, "a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460–61 (1980) (citing *McNutt v. Bland*, 43 U.S. (2 How.) 9, 15 (1844)).

"In a diversity case, [the court] must consult state law to determine the nature of the litigant's rights and whether he is entitled to assert the claims he makes." *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 118 (4th Cir. 2004). In Virginia, the derivative claim rule is strictly followed. *Simmons v. Miller*, 261 Va. 561, 576 (2001) (clarifying that claims against directors or managers must be brought derivatively). "A derivative action is an equitable proceeding in which a shareholder asserts, on behalf of the corporation, a claim that belongs to the corporation rather than the shareholder." *Id.* at 573.

The Court begins by noting that the Complaint filed in this case is nearly indistinguishable from that previously filed in this Court under Civil Action No. 3:07CV737. Plaintiff's former Complaint alleged the same causes of action against the same defendants, but also joined the LLC itself as a defendant. Since an LLC has the citizenship of its members, *Gen. Tech.*, 388 F.3d at 120, Senior United States District

3

Judge Richard L. Williams dismissed the prior case sua sponte for lack of jurisdiction. Indeed, Plaintiff failed to modify Count 5 from her former Complaint, still claiming here that "[t]he Company breached its contract with Devi."[2] (Compl. ¶ 43.)

Plaintiff fails to acknowledge, however, that the entirety of her Complaint belies the true nature of her claims. First, the misdeeds Plaintiff claims clearly affect the LLC, such that it is a real party to this controversy. For example, Plaintiff alleges that the defendants "unlawfully amended the Company's operating agreement to appoint Pathak as controlling manager" (Compl. ¶ 7), "made multiple false and fraudulent statements [regarding the LLC] to the IRS" (Compl. ¶ 20), and "have wrongfully exercised and assumed authority over membership interests and net profits and net cash flow of the Company" (Compl. ¶ 27). Plaintiff herself asserts that these actions "have jeopardized the continued existence of the Company." (Compl. ¶ 20.)

The Court finds that these claims of fraud and mismanagement belong to the LLC itself. Assuming for the sake of this Motion to Dismiss that the allegations of the Complaint are true, the appropriate remedy would be a derivative action filed by the LLC to correct its management. Although Plaintiff asserts damage to herself individually, her claims and case history tell a different story. Any damages to Plaintiff in this case are a consequence of the named defendants' management of the LLC. *See, e.g., Little v. Cooke*, __ Va. __, 652 S.E.2d 129, 138 (2007) ("When a limited partner alleges wrongs to

---

[2]Plaintiff concedes that Count 5 is not properly asserted as to the current defendants.

4

the limited partnership that indirectly damaged a limited partner by rendering his contribution or interest in the limited partnership valueless, the limited partner is *required* to bring his claim derivatively on behalf of the partnership." (emphasis added) (citing *Kenworthy v. Hargrove*, 855 F. Supp. 101, 106 (E.D. Pa. 1994))). As stated previously, in Virginia "[t]he overwhelming majority rule is that an action for injuries to a corporation cannot be maintained by a shareholder on an individual basis and must be brought derivatively." *Simmons*, 261 Va. at 573 (2001).

Second, the misdeeds now attributed to Pathak, Saraiya, and Patel individually were previously asserted collectively against these individuals *and the LLC*. Although "corporations are typically aligned as plaintiffs in stockholder derivative actions, since they stand to benefit from a successful suit," *Hildebrand v. Lewis*, 281 F. Supp. 2d 837, 845 (citation omitted), "a well-settled exception to this general rule applies when a corporation is under a control 'antagonistic' to the stockholder plaintiff's rights." *Id.* (citing *Koster v. Lumbermens Mut. Cas.*, 330 U.S. 518, 523 (1947)). This adverse relationship exists "whenever the management is aligned against the stockholder and defends a course of conduct which [the individual plaintiff] attacks." *Smith v. Sperling*, 354 U.S. 91, 95 (1957).

Here, Plaintiff continues to assert misdeeds by the LLC through its agents. Specifically, Plaintiff claims that "the Company [has] illegally retain[ed] net profits and net cash flow and engaged in a tax scheme to defraud [Plaintiff], to convert her

membership interest, and to cause [Plaintiff] to incur tax damages and other tax penalties" (Compl. ¶ 12), that "the Company [has] knowingly issue[d] K-1s to trigger a taxable event" and "withh[e]ld distributions" (Compl. ¶ 17), and that "the Company [has] . . . ma[d]e false statements to the IRS" (Compl. ¶ 38). From these assertions, it appears that the LLC is aligned against Plaintiff's interests. *See Hildebrand*, 281 F. Supp. 2d at 845 (noting that antagonism "would be the case, for example, when the plaintiff stockholder complains that the management of a corporation has committed a breach of fiduciary duty or fraud") (citing *Smith*, 354 U.S. at 95).

This Court need not determine whether the LLC itself is properly aligned with or against Plaintiff. *See Roche v. Lincoln Prop. Co.*, 373 F.3d 610, 615–16 (4th Cir. 2004) ("[T]he parties' characterization of themselves or their claims is not determinative for federal jurisdiction purposes."), *rev'd on other grounds*, 546 U.S. 81 (2005). Either way, it is overwhelmingly clear that all Plaintiff's claims inextricably involve the LLC's interests, such that the LLC *must* be joined as a party to all the claims of this suit. As Plaintiff concedes, the joinder of the LLC, whether as Plaintiff or Defendant, destroys diversity jurisdiction, and therefore the ability of this Court to adjudicate these claims.

The Supreme Court of Virginia has recognized that "[d]erivative suits play an 'important role in protecting shareholders of corporations from the designing schemes and wiles of insiders who are willing to betray their company's interests in order to enrich themselves.'" *Simmons*, 261 Va. at 573 (quoting *Surowitz v. Hilton Hotels Corp.*, 383 U.S. 363, 371 (1966)). Furthermore, "'[t]he remedial rights of minority shareholders with

6

respect to wrongs committed against the corporation by the officers and directors in the management of corporate affairs are derivative rights and any action taken by the shareholders to redress such wrongs *must be* for the benefit of the corporation.'" *Id.* at 574 (emphasis added) (quoting 12B William M. Fletcher, *Cyclopedia of the Law of Private Corporations* § 5924, at 497–99 (2000)). Plaintiff's remedies are therefore derivative in this case.

## IV. Conclusion

For the reasons stated above, Defendants' Motion to Dismiss will be granted, and the case will be dismissed.

Defendants' Motions for More Definite Statement and to Abstain will be denied as moot. Plaintiff's Motion for Leave to Submit Additional Authority in Opposition to Defendants' Motions will also be denied as moot.[3]

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: April 15, 2008
Richmond, VA

---

[3]The Court has received and considered Plaintiff's additional authority, submitted on April 14, 2008, but that authority has no effect on this decision. This Court does not dispute that some conversion claims are valid individual claims; Plaintiff's claims, however, alleging both mismanagement of and wrongful deeds by the LLC, are not such individual claims and must be brought derivatively in Virginia.